HIRSCHBERG, P. J.   The plaintiff has recovered a judgment for damages to his dock, boats, and other property, occasioned by a scow which was cast adrift in a violent storm and collided with the property. The charge is negligence.   The plaintiff first sued the alleged owners of the scow, and recovered a judgment, which we reversed.   See Dooley v. Healey, 95 App. Div. 271, 88 N. Y. Supp. 965.   The ground of the reversal was that upon the record as then presented it appeared that the scow was by charter in the possession and under the control of the street cleaning department of the city of New York.   The decision was on the authority of Anderson v. Boyer, 156 N. Y. 93, 50 N. E. 976, wherein it was held that, where a third person is injured by the negligence of the captain of a chartered boat in unloading it, the captain is deemed to have been acting as the servant of the charterer, and not of the owner.

The present action is against the members of a firm which, as it now appears, was at the time of the accident in the possession and control of the scow under a contract with the city by which the defendants agreed to transport the department scows, loaded with street refuse, from the city dumps to Staten Island, to unload them there, and to return them unloaded to the city dumps.   The scow in question had been towed by the defendants to Staten Island and unloaded, and it went adrift while being unmoored after the unloading in a severe gale. The main defense interposed and litigated at the trial was that the vessel became derelict by reason of the negligence of its captain, a servant of the owners; but the evidence preponderates in favor of the theory upon which the judgment has been rendered, viz., that the negligence which cast the scow adrift was that of the captain of the defendant's "digger" at Staten Island, who was in charge of the unloading and the unmooring.   The scow was towed to Staten Island by a tug of the defendants, was there fastened by the defendants' servants to the digger, which was used by the defendants in unloading it, and after it was unloaded it was loosened by the captain of the digger, notwithstanding the storm and the protests of the captain of the scow.   There was some evidence that the captain of the scow was not as vigilant and alert as he might have been in his efforts to avert the disaster; but the finding is abundantly supported that the scow was all the while in the legal charge and control of the defendants, and that the proximate cause of the mischief was the carelessness of their employé.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs.   All concur.

---

(109 App. Div. 658.)

BUTLER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 8, 1905.)

CARRIERS—INJURIES TO PASSENGERS—STREET RAILROADS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a passenger while standing in the aisle of a crowded street car, evidence *held* to require submission to the jury of the issue of plaintiff's contributory negligence in failing to have hold of a strap at the time he was injured.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Leonard C. Butler against the New York City Railway Company. From an order denying defendant's motion to set aside a verdict in favor of plaintiff and for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

William E. Weaver, for appellant.

Walter H. Dodd, for respondent.

MILLER, J. The plaintiff has recovered a judgment in the Municipal Court for personal injuries alleged to have been sustained as a result of the defendant's negligence. Plaintiff's claim is that, while he was standing in the aisle of a crowded street car, the sudden starting of the car threw the people in front of him against him with sufficient force to produce a fall from which the injuries complained of are alleged to have resulted. The car was somewhat crowded when the plaintiff boarded it. The plaintiff did not have hold of a strap, but he testified that there was none available at the place where he was standing. The court charged the jury:

"I charge that there is no question of contributory negligence in the case; that the plaintiff has shown himself free from contributory negligence."

The respondent seeks to sustain this charge by cases which hold that it is not contributory negligence as a matter of law to board a crowded street car and occupy a position such as the plaintiff occupied when injured; but these cases are beside the question here. The inferences to be drawn from the evidence, as well as the credibility of the plaintiff, were for the jury; and, while the plaintiff may not have been guilty of negligence as matter of law, it is obvious that it was error to charge as matter of law that he was not guilty of negligence.

For this reason the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur.